Harry W. Seibert, Jr., Esq. Village Attorney, Ballston Spa
We acknowledge receipt of your letter stating that one of your village trustees is about to resign and in which you inquire whether the mayor's appointment to fill the vacancy in office which will be created by the resignation is subject to approval by the village board of trustees. You also asked, in a telephone conversation, about the term of office of such an appointee and you stated that in your village the general village elections are held in March and the official village year commences in April. It is now less than "seventy-five days prior to the third Tuesday of the month preceding the end of the current official year", the wording in quotation marks being the wording used in the Village Law to designate the time for holding the general village elections.
In an informal opinion reported in 1974 Op Atty Gen 118, we concluded that the mayor has the prerogative, under Village Law, § 3-312, subdivision 3, to appoint to fill a vancancy in an elective village office. We enclose herewith a copy of that opinion.
In our opinion, a vacancy on the village board of trustees is filled through an appointment by the mayor and the appointment is not subject to approval by the village board of trustees.
Village Law, § 3-312, subdivision 3 provides, in part, as follows:
 "3. Vacancies in offices caused other than by expiration of the terms thereof shall be filled by the mayor, except the office of mayor which shall be filled by the board of trustees, to the extent and for the periods of time set forth herein:
* * *
"b. In elective offices as follows:
 "(1) If such vacancy occurs at least seventy-five days prior to the third Tuesday of the month preceding the end of the current official year, for the balance of such year.
 "(2) If such vacancy occurs less than seventy-five days prior to the third Tuesday of the month preceding the end of the current official year, for the balance of the year and, if the term of office does not expire at the end of such year, by further appointment to the end of the next official year."
The New York Constitution, Article XIII, § 3, provides, in part, as follows:
 "The legislature shall provide for filling vacancies in office, and in case of elective officers, no person appointed to fill a vacancy shall hold his office by virtue of such appointment longer than the commencement of the political year next succeeding the first annual election after the happening of the vacancy. * * *" (Emphasis supplied.)
"(A)fter the happening of the vacancy" has been interpreted in Howard vRockefeller, 15 N.Y.2d 927 (1965), and in Matter of Roher v Dinkins,32 N.Y.2d 180 (1973), to mean after the date set by statute subsequent to which a vacancy will not be filled at the forthcoming election. That date, in relation to a general election, is set by Public Officers Law, § 42, subdivision 1, as September 20 and in relation to a general village election, it is set by Village Law, § 3-312, subdivision 3, paragraph b, as 75 days prior to the third Tuesday of the month preceding the end of the current official year (i.e., the date of the general village election). Previously this date was 20 days preceding the end of the current official year, but by amendment to the Village Law which took effect on December 1, 1977, the 20-day period was changed to 75 days.
In our opinion, if the resignation is made before the end of the current official year and the appointment to fill the vacancy is also made before that date, the appointee will hold office until the end of the current official year and thereafter a new appointment will have to be made, either of the same or another individual, to fill the vacancy for the forthcoming official year, but the second appointment cannot be made until the new official year has commenced and in March of 1979, a successor must be chosen by election for a full term or the remaining portion of the unexpired term, as the case may be (Village Law, §3-312, subdivision 4); if the resignation is not made until after the commencement of the forthcoming official year, the appointee to fill the vacancy thus created will hold office until the end of that official year and in March of 1979, a successor must be chosen as stated above; if the resignation is made during the current official year and the appointment to fill the vacancy is not made until the next official year the term of the appointee will expire at the termination thereof and in March of 1979, a successor must be chosen by election as stated above. Do not overlook the requirement that after each appointment or election a new oath of office under Public Officers Law, § 10 must be filed.